FLND Form 245B (rev 12/2003) Judgment in a Criminal Case          Page 1 of 11
S. T. VAUGHN, III
1:05CR39-002(SS)    1:06CR20-001 (Rule 20)    1:06CR26-002 (Rule 20)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                **Case # 1:05CR39-002(SS)**
                                                        **Case # 1:06CR20-001 (Rule 20)**
**S. T. VAUGHN, III**                                   **Case # 1:06CR26-002 (Rule 20)**

                                                        **USM #50100-056**

                                                        **Defendant's Attorney:**
                                                        **Robert E. Nunley**
                                                        **5 West Hargett Street, Suite 1000**
                                                        **Raleigh, North Carolina 27601**

_____

## JUDGMENT IN A CRIMINAL CASE

Case No. 1:05CR39-002(SS): The defendant pled guilty to Counts 1, 4, 5, 8 and 9 of the Second Superseding Indictment on April 26, 2006. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§1951 and 2 | Conspiracy to Commit Robbery Affecting Interstate Commerce | August 31, 2005 | 1 |
| 18 U.S.C. §§1951 and 2 | Robbery Affecting Interstate Commerce | June 14, 2005 | 4 |
| 18 U.S.C. §§ 924 (c)(1)(A)(ii) and 2 | Using or Carrying a Firearm During the Commission of a Crime of Violence | June 14, 2005 | 5 |
| 18 U.S.C. §§1951 and 2 | Robbery Affecting Interstate Commerce | August 3, 2005 | 8 |
| 18 U.S.C. §§ 924 (c)(1)(A)(ii) and 2 | Using or Carrying a Firearm During the Commission of a Crime of Violence | August 3, 2005 | 9 |

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                                                 Page 2 of 11
S. T. VAUGHN, III
1:05CR39-002(SS)    1:06CR20-001 (Rule 20)    1:06CR26-002 (Rule 20)

Case No. 1:06CR20-001 (Rule 20): The defendant pled guilty to Counts 1, 3 and 5 of the Indictment on September 7, 2006.  Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§1951 and 2 | Robbery Affecting Interstate Commerce | August 17, 2005 | 1 |
| 18 U.S.C. §§1951 and 2 | Robbery Affecting Interstate Commerce | August 17, 2005 | 3 |
| 18 U.S.C. §§1951 and 2 | Robbery Affecting Interstate Commerce | August 18, 2005 | 5 |

Case No. 1:06CR26-002 (Rule 20): The defendant pled guilty to Counts 1, 2, 3, 5, 6 and 7 of the Information on September 7, 2006.  Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§1951 and 2 | Conspiracy to Commit Robbery Affecting Interstate Commerce | August 31, 2005 | 1 |
| 18 U.S.C. §§1951 and 2 | Robbery Affecting Interstate Commerce | July 3, 2005 | 2 |
| 18 U.S.C. §§1951 and 2 | Robbery Affecting Interstate Commerce | July 5, 2005 | 3 |
| 18 U.S.C. §§1951 and 2 | Robbery Affecting Interstate Commerce | July 14, 2005 | 5 |
| 18 U.S.C. §§1951 and 2 | Robbery Affecting Interstate Commerce | July 14, 2005 | 6 |
| 18 U.S.C. §§1951 and 2 | Robbery Affecting Interstate Commerce | August 4, 2005 | 7 |

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case* *Page 3 of 11*
S. T. VAUGHN, III
1:05CR39-002(SS)   1:06CR20-001 (Rule 20)   1:06CR26-002 (Rule 20)

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

Case No. 1:05CR39-002(SS): Counts 2, 3, 6 and 7 dismissed on motion of the United States.

Case No. 1:06CR20-001 (Rule 20): Counts 2, 4 and 6 dismissed on motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
December 14, 2006

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge

DATE: January 18, 2007

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*   *Page 4 of 11*
S. T. VAUGHN, III
1:05CR39-002(SS)   1:06CR20-001 (Rule 20)   1:06CR26-002 (Rule 20)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **two hundred sixteen (216) months.**

Case No. 1:05CR39-002(SS), the defendant is sentenced to 120 months as to Counts 1, 4, and 8, to run concurrently. The defendant is sentenced to 36 months as to Count 5 and 60 months as to Count 9. Counts 5 and 9 are to run consecutive to each other and consecutive to Counts 1, 4 and 8. This sentence will run concurrently to Case No. 1:06CR20-001 (Rule 20) and Case No. 1:06CR26-002 (Rule 20).

Case No. 1:06CR20-001 (Rule 20), the defendant is sentenced to 120 months as to Counts 1, 3 and 5, to run concurrently. This sentence will also run concurrently to Case No. 1:05CR39-002(SS) and Case No. 1:06CR26-002 (Rule 20).

Case No. 1:06CR26-002 (Rule 20), the defendant is sentenced to 120 months as to Counts 1, 2, 3, 5, 6 and 7, to run concurrently. This sentence will also run concurrently to Case No. 1:05CR39-002(SS) and Case No. 1:06CR20-001 (Rule 20).

The defendant was denied bond and is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

Case 1:05-cr-00039-AW-GRJ    Document 348    Filed 01/18/07    Page 5 of 11

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                      Page 5 of 11
S. T. VAUGHN, III
1:05CR39-002(SS)    1:06CR20-001 (Rule 20)    1:06CR26-002 (Rule 20)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Five (5) years.**

Case No. 1:05CR39-002(SS), five (5) years supervised release as to Counts 5 and 9; and three (3) years as to Counts 1, 4 and 8, to run concurrently. This sentence will also run concurrently to Case No. 1:06CR20-001 (Rule 20) and Case No. 1:06CR26-002 (Rule 20).

Case No. 1:06CR20-001 (Rule 20), three (3) years supervised release as to Counts 1, 3 and 5, to run concurrently. This sentence will also run concurrently to Case No. 1:05CR39-002(SS) and Case No. 1:06CR26-002 (Rule 20).

Case No. 1:06CR26-002 (Rule 20), three (3) years as to Counts 1, 2, 3, 5, 6 and 7, to run concurrently. This sentence will also run concurrently to Case No. 1:05CR39-002(SS) and Case No. 1:06CR20-001 (Rule 20).

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 6 of 11*
S. T. VAUGHN, III
1:05CR39-002(SS)    1:06CR20-001 (Rule 20)    1:06CR26-002 (Rule 20)

substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

15. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

16. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. the defendant shall report in person to the probation office in the district to which he is released within 72 hours of release from the Bureau of Prisons.

2. the defendant shall not own or possess a firearm, dangerous weapon or destructive device.

3. the defendant shall remain gainfully employed or actively seek employment while under supervision.

4. the defendant shall participate in a program of drug and/or alcohol testing, treatment and counseling, which may include inpatient treatment. The administrative supervision of such treatment shall be as directed by your probation officer.

5. the defendant shall live in a residence approved by the probation officer.

6. the defendant shall pay any unpaid restitution in monthly installments of not less than $150.00, to commence no later than 60 days after release from imprisonment.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case* *Page 7 of 11*
S. T. VAUGHN, III
1:05CR39-002(SS)    1:06CR20-001 (Rule 20)    1:06CR26-002 (Rule 20)

    Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


_____    _____
Defendant                                                                                                Date


_____    _____
U.S. Probation Officer/Designated Witness                                       Date

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                           Page 8 of 11
S. T. VAUGHN, III
1:05CR39-002(SS)    1:06CR20-001 (Rule 20)    1:06CR26-002 (Rule 20)

# CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $1,400.00 | None | $124,149.26 |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$1,400.00** is imposed.

## FINE

None.

## RESTITUTION

Restitution in the amount of **$124,149.26** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---:|---:|
| Case No. 1:05CR39-002 (SS) | | |
| Soo Ling Hardman | $351.00 | $351.00 |
| Darlene Ryan | $1,595.84 | $1,595.84 |
| Indiana Insurance RE: First American Cash Advance | $2,622.25 | $2,622.25 |
| Advance America Cash | $660.00 | $660.00 |

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                                     Page 9 of 11
S. T. VAUGHN, III
1:05CR39-002(SS)    1:06CR20-001 (Rule 20)    1:06CR26-002 (Rule 20)

| | | |
|---|---:|---:|
| First American Cash Advance | $325.00 | $325.00 |
| Creative Stitches | $1,225.00 | $1,225.00 |
| First American Cash Advance | $3,292.00 | $3,292.00 |
| Nations Quick Cash | $2,300.00 | $2,300.00 |
| Florida Cash Advance | $20,347.00 | $20,347.00 |
| Country Inn & Suites | $450.00 | $450.00 |
| Florida Auto & Payday Loans | $14,550.00 | $14,550.00 |
| All In One Check Advance | $520.00 | $520.00 |
| Beatniks | $812.00 | $812.00 |
| Palmetto Motel | $2,000.00 | $2,000.00 |
| Fill Up | $1,495.19 | $1,495.19 |
| Fast Payday Loans | $15,000.00 | $15,000.00 |
| Check N Go | $6,000.00 | $6,000.00 |
| State Farm Insurance Companies | $1,219.59 | $1,219.59 |
| Benjamin and Patricia Frisch | $500.00 | $500.00 |
| Advance America | $7,712.00 | $7,712.00 |
| Fast Payday Loans | $7,070.00 | $7,070.00 |

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** |
|---|---:|---:|
| Case No. 1:06CR20-001 (Rule 20) | | |
| First American Cash Advance | $5,173.00 | $5,173.00 |
| Check N Go | $950.00 | $950.00 |
| America Advance Cash Advance | $2,797.39 | $2,797.39 |

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** |
|---|---:|---:|
| Case No. 1:06CR26-002 (Rule 20) | | |
| Title Pawn of Garden City, Inc. | $634.00 | $634.00 |
| Linda Jacobs   (Reliable Loan) | $272.57 | $272.57 |

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                    Page 10 of 11
S. T. VAUGHN, III
1:05CR39-002(SS)    1:06CR20-001 (Rule 20)    1:06CR26-002 (Rule 20)

| | | |
|---|---:|---:|
| Georgia Crimes Victims Compensation Program | $5,549.72 | $5,549.72 |
| Judy H. Faircloth (Reliable Loan & Ins. Corp.) | $1,268.00 | $1,268.00 |
| Auto-Owners Insurance | $636.51 | $636.51 |
| Pauline Richardson | $100.00 | $100.00 |
| First American Cash Advance | $150.00 | $150.00 |
| Speedee Cash | $200.00 | $200.00 |
| Hampton Inn | $680.00 | $680.00 |
| Sleep Inn | $350.00 | $350.00 |
| ABC Title Pawn | $250.00 | $250.00 |
| Econo Lodge | $628.00 | $628.00 |
| Best Mexico | $1,200.00 | $1,200.00 |
| Video Warehouse | $207.00 | $207.00 |
| Service Loan & Tax Service | $1,419.32 | $1,419.32 |
| EZ Title Pawn | $278.00 | $278.00 |
| Title Pawn, Inc. | $3,030.00 | $3,030.00 |
| Reliable Loans | $5,120.88 | $5,120.88 |
| Modern Loan Company | $1,580.00 | $1,580.00 |
| Cheri Harrison | $57.00 | $57.00 |
| Movie Gallery US, LLC | $1,571.00 | $1,571.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise. If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

**Restitution is hereby ordered jointly and severally with:** Douglas Cross, Jr., S.T. Vaughn, III, Gerald Jerome Raymond, Iren Cergio Rainey, Keara Nikyela Johnson, Ashlie Ebony Mothersill, and Jenise Angella Mangaroo.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case* Page 11 of 11
S. T. VAUGHN, III
1:05CR39-002(SS)    1:06CR20-001 (Rule 20)    1:06CR26-002 (Rule 20)

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties in full immediately

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.